**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINO ANDRES ROMERO-CAMPOS, | No. 23-2815 |
| Petitioner, | Agency No. A098-591-670 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2024**

Before: OWENS, LEE, and DESAI, Circuit Judges.

Lino Andres Romero-Campos appeals the Board of Immigration Appeals'
("BIA") decision to deny his motion to reopen. He is a native and citizen of El
Salvador, and is bringing this appeal pro se. In August 2022, more than eleven years

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

after the conclusion of his immigration proceedings, Romero-Campos, through counsel, filed a motion to reopen to apply for cancellation of removal based on his mother's citizenship status. The BIA denied the motion, finding that it was untimely and did not fall within any of the exceptions in 8 U.S.C. § 1229a(c)(7)(C) or 8 C.F.R. § 1003.2(c)(3). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      The BIA did not abuse its discretion when it denied Romero-Campos' motion to reopen.[1] Generally, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order of removal unless an exception applies. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The ninety-day filing deadline may be excused for: (1) motions to reopen based on in absentia orders, (2) motions to reopen based on changed country conditions, (3) motions to reopen that are jointly filed, (4) motions to reopen filed by the government based on fraud, (5) motions to reopen alleging the respondent is a U.S. citizen, and (6) motions to reopen filed by the Department of Homeland Security. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3). Here, Romero-Campos' motion to reopen was filed on August 23,

---

[1]      Because Romero-Campos does not raise any challenge to the BIA's decision to deny sua sponte reopening, the issue is forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

2022, more than ninety days after his order of removal became final, and nothing in the record suggests that his motion qualifies for any exception.[2] Romero-Campos' motion to reopen is thus untimely.

2.      Romero-Campos failed to exhaust the issue of whether this case should be dismissed because the Notice to Appear ("NTA") is defective. We can only review a final order of removal if all administrative remedies have been exhausted. 8 U.S.C. § 1252(d)(1). A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Here, Romero-Campos only referenced the NTA once before the BIA. He argued that the clock was not "stopped" for purposes of establishing cancellation of removal eligibility because the NTA did not reflect the time and date of his initial hearing. Thus, he failed to exhaust the issue of whether his case should be dismissed because of the defective NTA. *See id.* (finding that petitioner failed to exhaust argument that the defective NTA was a claim-processing

---

[2]     Romero-Campos argues that two exceptions apply to his motion. First, he argues that the filing deadline "does not apply if the motion to reopen states new facts that will be proven at a hearing to be held if the motion is granted." But the statute cited describes the *contents* of a motion to reopen, not an exception for untimely motions. *See* 8 U.S.C. § 1229a(c)(7)(B). Second, he argues that the deadline does not apply if the motion is accompanied by an application for cancellation of removal. But the statute cited describes a requirement under the special rule for survivors of domestic abuse, and there is nothing in the record suggesting that Romero-Campos would qualify for this exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(II).

violation when before the BIA he only argued that the defective NTA deprived the immigration judge of jurisdiction).

**DENIED.**